**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Karen Susan Engel, *et al.*,

        Plaintiffs,                        Case No.  1:11cv759

        v.                               Judge Michael R. Barrett

Burlington Coat Factory
Direct Corporation, *et al.*

        Defendants.


## ORDER & OPINION

This matter is before the Court upon Plaintiffs' Motion for Conditional Certification.  (Doc. 18).  Defendants filed a Memorandum in Opposition (Doc. 24) and Plaintiffs filed a Reply (Doc. 26).  Defendants also filed a Supplemental Memorandum in Opposition (Doc. 31), to which Plaintiffs filed a Response (Doc. 32).  Plaintiffs have filed a Notice of Supplemental Authority (Doc. 33), to which Defendants filed a Response (Doc. 34).  Defendants, likewise, have filed a Notice of Supplemental Authority (Doc. 35), to which Plaintiffs filed a Response (Doc. 36).

I.     **BACKGROUND**

Plaintiffs have filed a complaint alleging that they and other similarly situated Area Managers were misclassified as exempt by Defendants and denied the payment of overtime required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a).  (Doc. 2).

Defendants Burlington Coat Factory Direct Corporation, Burlington Coat Factory Warehouse Corporation, Burlington Coat Factory Investment Holding, Inc., and

Burlington Coat Factory, Holdings, Inc. employed Plaintiffs Karen Susan Engel and Jennifer M. Jones as Area Managers until the position was eliminated in June of 2011. (Doc. 2, at 5-6).  Until June of 2011, Burlington employed between two and six Area Managers per store, depending on volume.  (Doc. 18-1, at 5).  Burlington prepared and distributed standardized job descriptions for all of its positions, including the Area Manager position.  (Id. at 6).  The job description for Area Manager included the duties of hiring and training staff, supervising other employees, implementing corporate marketing initiatives, maintaining inventory, engaging in customer service, and preparing merchandise displays.  (Id. at 7; Doc. 24, at 12).  Plaintiffs allege that their actual duties largely involved the same duties as hourly associates – stocking merchandise, maintaining the sales floor, and providing customer service – and that managerial duties were limited.  (Doc. 18-1, at 7).  Plaintiffs' Complaint alleges that Area Managers often worked in excess of forty hours per week, but received no overtime because they were wrongly classified as exempt employees.  (Doc. 2, at 5-7).

During settlement discussions in July 2012, the parties entered into a Tolling Agreement which stopped the running of the statute of limitations for a 76-day period between May 7, 2012 and July 22, 2012.  (Doc. 18-1, at 2).

Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), Plaintiffs move for conditional certification of the following group of employees:

> All former Area Managers employed at a Burlington Coat Factory retail store (except for retail stores located in California and Georgia) at any time from [*date 3 years less 76 days from the date of issuance of a decision*] until June 11, 2011 when the position was eliminated.

Plaintiffs also request that the Court approve the form and content of the proposed Notice of Collective Action Overtime Pay Lawsuit and Consent.  Plaintiffs

further request that the Court order Defendants to provide Plaintiffs' counsel with the names, last known addresses, and telephone numbers of the individuals within the proposed group of employees.

In their Notice of Supplemental Authority (Doc. 33), Plaintiffs bring to the Court's attention the decision in *Goodman v. Burlington Coat Factory Warehouse*, No. 11-CV-4395, 2012 U.S. Dist. LEXIS 166910 (D. N.J. Nov. 20, 2012). The district court conditionally certified a nationwide unit of all current and former Assistant Store Managers ("ASMs") employed by Burlington Coat Factory. *Id.* at *27. This is a position one rung above the Area Manager position. The court in *Goodman* found that the named plaintiff made a "'modest factual showing' of a factual nexus between the manner in which Burlington's alleged policy affected him and the manner in which it affected other Burlington ASMs." *Id.* at *23. Plaintiffs assert that *Goodman* supports conditional certification of Area Managers, as Plaintiffs have provided evidence of a common pay practice and common job description among all Area Managers, as well as testimony from two plaintiffs, a former Assistant Manager, and two opt-in plaintiffs indicating that the majority of the Area Managers' time was spent performing non-exempt work. (Doc. 33, at 2-3).

## II. <u>ANALYSIS</u>

The Fair Labor Standards Act provides a private cause of action against an employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

Similarly situated persons are permitted to "opt into" the suit, which is called a "collective action." *Comer v. Wal-Mart Stores, Inc.,* 454 F.3d 544, 546 (6th Cir. 2006).

3

This is distinguished from the opt-out approach utilized in class actions under Fed. R. Civ. P. 23. *Id.* The district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit. *Id.* (citing *Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989)).

In suits filed under 29 U.S.C. § 216(b), courts typically use a two-phase inquiry to examine whether the proposed co-plaintiffs are "similarly situated" for the purposes of the statute's requirements. *Id.* The first phase occurs at the beginning of discovery, and employs a fairly lenient standard that results in conditional certification of a representative class. *Id.* at 547 (quoting *Morisky v. Public Serv. Elec & Gas Co.*, 111 F.Supp.2d 493, 497 (D. N.J. 2000)). The second phase occurs following discovery, and employs a stricter standard, since the court has much more information on which to base its decision. *Id.* (quoting *Morisky*, 111 F.Supp.2d at 497).

Plaintiffs and Defendants dispute whether this suit is in the first or second phase of inquiry. Defendants argue that this case is fully discovered, as the parties have produced more than 3,500 documents, served multiple sets of interrogatories and requests for production, and have taken six depositions. (Doc. 24, at 23). Plaintiffs filed their motion for conditional certification eight months after discovery opened, and five months before discovery closed on March 29, 2013. (*Id.*). Plaintiffs argue that because no discovery was permissible prior to the February 13, 2012 26(f) conference, and the parties agreed to postpone discovery pending mediation in July 2012, discovery had occurred less than three months before their motion for conditional certification was filed. (Doc. 26, at 8). Before Plaintiffs' motion was filed in October, only three depositions had been taken. (Id.)

4

This Court finds that this suit is in the first phase of inquiry.  Discovery closed on March 29, 2013, and Plaintiffs' motion was filed in October 2012.  Thus, discovery had not completed by the time Plaintiffs' motion was filed.  Moreover, as Plaintiffs correctly point out, only three out of eight total months of discovery took place before their motion was filed.

In ruling on Plaintiff's motion, the Court's analysis will employ the first phase of inquiry.  At this stage, the plaintiffs must show only that "[their] position is similar, not identical, to the positions held by the putative class members."  *Comer v. Wal-Mart Stores, Inc.,* 454 F.3d at 546-47 (quoting *Pritchard v. Dent Wizard Int'l.,* 210 F.R.D. 591, 595 (S.D. Ohio 2002) (quoting *Viciedo v. New Horizons Computer*, No. 2:01-CV-250, slip. op. (S.D. Ohio Dec. 4, 2001) and *Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 443 (N.D. Ill. 1982)).  The merits of the claims, factual disputes, and credibility will not be evaluated.  *Snelling v. ATC Healthcare Services*, No. 2:11-CV-00983, 2012 U.S. Dist. LEXIS 172052, at *8 (S.D. Ohio Dec. 4, 2012) (citing *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011)).

The Court will consider "whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; whether evidence of a widespread discriminatory plan was submitted, and whether as a matter of sound class management, a manageable class exists."  *Id.* at *9 (quoting *Lewis v. Huntington Nat. Bank*, 789 F.Supp.2d 863, 868 (S.D. Ohio 2011)).  One example of an appropriate FLSA collective action is where the potential plaintiffs are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct."  *Id.* (quoting *O'Brien v. Ed Donnelly Enters., Inc.,* 575 F.3d

567, 585 (6th Cir. 2009)).  However, a showing of a "unified policy" of violations is not required.  *Id.* (quoting *O'Brien*, 575 F.3d at 584).

In their Notice of Supplemental Authority (Doc. 35), Defendants submit a court order granting summary judgment in a case pending in the United States District Court for the Northern District of Georgia: *Carew v. Burlington Coat Factory Warehouse Corp. et al.,* No. 1:11-cv-03986-JOF (N.D. Ga. March 5, 2013).   In *Carew,* two plaintiffs formerly employed at an Austell, Georgia, Burlington Coat Factory location filed suit alleging that Burlington failed to pay them and a putative class of assistant managers and associates overtime in violation of the FLSA.   The court previously denied the plaintiffs' motion for conditional certification, based on differences between the different levels of management and between associates and managers.   In weighing the merits of the two plaintiffs' claims, the court concluded that their own testimony conclusively established that they were exempt employees, and it dismissed their claim, with prejudice, against Burlington.

Defendants argue that because this decision depended on the actual duties expected and performed by each plaintiff, "the same is true with respect to the allegations made on behalf of other 'similarly situated' Area Managers in this case." (Doc. 35, at 2).  Because each individual Area Manager would need to come forward with evidence of actual job duties, "there is no conceivable way that this case could be tried on a representational basis."  (*Id.* at 3).

However, as Plaintiffs correctly point out in their Response, individual differences between Area Managers will be considered at the second phase of certification, not at this initial inquiry phase.  Because the merits of Plaintiffs' claims will not be weighed at

6

this phase, *Carew* is not relevant. Moreover, Area Managers from Georgia are excluded from Plaintiffs' proposed group of conditionally certified former Area Managers.

In this case, the Court finds that Plaintiffs have made a modest showing that they and other Area Managers in Ohio performed similar job duties and were subject to similar pay practices. Ronald Johnson, a former Area Manager of a Burlington store in Columbus, Ohio, testified that when Burlington was reorganized and the Area Manager position as eliminated, his manager told him that as a Merchandising Team Associate, he would be doing the same thing he was currently doing as an Area Manager: "bringing stuff out of the back, bringing stuff to the floor, putting stuff on the racks," with a cut in pay. (Johnson Dep. 163:13-17, Oct. 25, 2012). Another Columbus, Ohio former Area Manager, John Hamelers, submitted a declaration stating that most of the activities he engaged in were the same as hourly associates, and that his primary responsibilities were "getting merchandise onto the floor and customer service." (Hamelers Decl. ¶ 11). Edna Brunck, a former Operations Manager and Assistant Store Manager, stated that Area Managers spent 90% of their time performing the same job duties as associates and had limited managerial responsibilities. (Doc. 18-3, Brunck Decl. ¶¶ 3, 12). Plaintiff Karen Susan Engel, a former Cincinnati Area Manager, and Plaintiff Jennifer Jones, a former Area Manager in Dayton, Ohio, both state in the Complaint that the majority of their duties were devoted to non-managerial work. (Doc. 2, at 5-6). The testimony of Lisa Chambrelli-Hine, Vice President of Human Resources, shows that all Area Managers (outside of California) were salaried, exempt employees. (Chambrelli Dep. 26-29, Sept. 6, 2012).

Plaintiffs submitted little evidence to support a conditional class outside Ohio.  No potential plaintiffs outside of Ohio were identified, and no affidavits of potential plaintiffs outside of Ohio were submitted.  The only evidence of potential similarity outside of Ohio is based upon Edna Brunck's experience in the grand opening and clean-up of the store in Lexington, Kentucky.  (Doc. 31-1, Brunck Dep. at 69).  Brunck testified that she observed the Area Managers in the Lexington, Kentucky store doing the same work at the Area Managers in her store in Cincinnati, Ohio.  (Id.)  Although Plaintiffs submitted evidence showing that the former Area Manager position was uniformly exempt (outside of California) and had a standardized job description consisting of both exempt and non-exempt duties, the Court cannot conclude that every single former Area Manager outside of California and Georgia was similarly situated in performing mostly non-exempt duties.  Therefore, the Court concludes that Plaintiffs have only established a conditional class consisting of the Area Managers in the Ohio and Kentucky retail stores.  The Court notes that Plaintiffs may renew their motion for conditional certification if discovery reveals support for expanding the conditional class.  *See Brasfield v. Source Broadband Servs., LLC*, 257 F.R.D. 641, 644 (W.D. Tenn. 2009).

Based on the foregoing, Plaintiffs' Motion for Conditional Certification (Doc. 18) is **GRANTED** to the extent that it seeks conditional certification of a class of Area Managers in the Ohio and Kentucky retail stores.

Plaintiffs shall file a revised Notice and Consent to include former Area Managers employed at Burlington Coat Factory retail stores in Ohio and Kentucky at any point from [three years prior to issuance of a decision less 76 days] until June 11, 2011, when the position was eliminated.  Once a revised Notice and Consent is filed, the Court will

order Defendants to provide Plaintiffs' counsel with the names, last known addresses, and telephone numbers of this narrower group of former Area Managers.

**IT IS SO ORDERED.**

_/s/ Michael R. Barett_
JUDGE MICHAEL R. BARRETT